PS2-073                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2340
_____

HECTOR L. HUERTAS,
                                    Appellant

v.

CITIGROUP, INC.;
EQUIFAX INFORMATION SERVICES, LLC;
CITIBANK, N.A.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-13-cv-02050)
District Judge:  Honorable Renée M. Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2016
Before:  FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Hector L. Huertas appeals from the District Court's orders entering summary judgment against him and denying reconsideration of that ruling. We will affirm.

I.

Huertas is a frequent pro se litigant who has brought several previous suits under the Fair Credit Reporting Act ("FCRA") against various defendants, including Citigroup, Inc. See, e.g., Huertas v. Galaxy Asset Mgmt., 641 F.3d 28 (3d Cir. 2011); In re Huertas, 360 F. App'x 357 (3d Cir. 2010). In this case, he filed suit under the FCRA against Citigroup, Inc. and Citibank, N.A. (collectively, "Citibank") on the basis of events occurring after Citibank sent him two solicitations to apply for credit cards. Both solicitations invited Huertas to apply for credit and notified him that, if he did, "[w]e may gather information about you, including from . . . credit bureaus . . . to verify your identity and determine your eligibility for credit." Huertas submitted applications for credit cards in response to these solicitations, but Citibank denied his applications.

Huertas then filed suit alleging that Citibank improperly accessed his credit report after he submitted his applications. (He also named as a defendant the entity that provided Citibank with his report, but he later dismissed his claims against that entity and they are not at issue here.) In particular, Huertas alleged that Citibank accessed his report for an impermissible purpose in violation of 15 U.S.C. § 1681b(f) and that it did so under "false pretenses" in violation of 15 U.S.C. § 1681q. He based these allegations on the additional allegation that Citibank's solicitations were not "firm offers of credit" within the meaning of 15 U.S.C. § 1681b(c)(1)(B).

2

Huertas ultimately filed a Second Amended Complaint after the parties engaged in discovery, and Citibank filed a motion to dismiss. The District Court, after notice to the parties, converted the motion into one for summary judgment and granted it. The District Court concluded that Citibank was authorized to access Huertas's credit report pursuant to 15 U.S.C. § 1681b(a)(3)(A) because Huertas had applied for credit. The District Court further concluded that whether Citibank's solicitations were "firm offers of credit" was irrelevant to that issue. (The District Court also rejected two other claims that Huertas asserted, but we do not address them because he has not raised them on appeal.) Huertas filed a motion for reconsideration, which the District Court denied. Huertas appeals.[1]

## II.

We will affirm for the reasons explained by the District Court. Huertas's claim implicates (and conflates) two situations in which the FCRA authorizes an offeror of credit to access a consumer's credit report. In the first situation, the FCRA authorizes an offeror of credit to access certain information from a consumer's credit report without any prior contact from the consumer in order to extend to the consumer a "firm offer of credit." See 15 U.S.C. § 1681b(c)(1)(B)(i); Gelman v. State Farm Mut. Auto. Ins. Co.,

---

[1] We have jurisdiction under 28 U.S.C § 1291. Our review of the District Court's entry of summary judgment is plenary. See Fuges v. S.W. Fin. Servs., Ltd., 707 F.3d 241, 246 n.8 (3d Cir. 2012). We review the District Court's denial of reconsideration for abuse of discretion but review it de novo to the extent that it turns on an issue of law. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). The District Court denied Huertas's motion for sanctions as part of its motion denying reconsideration, but Huertas has not challenged the denial of sanctions on appeal.

583 F.3d 187, 191 (3d Cir. 2009). In the second situation, the FCRA authorizes an offeror of credit to access a consumer's credit report "when the consumer applies for credit[.]" Gelman, 583 F.3d at 191 (quotation marks omitted). The FCRA does so by permitting access to a credit report "in connection with a credit transaction involving the consumer . . . and involving the extension of credit to . . . the consumer." 15 U.S.C. § 1681b(a)(3)(A).

As the District Court explained, Huertas's claim is governed by this second provision, and not the "firm offer" provisions of § 1681b(c)(1)(B), because Huertas does not allege that Citibank accessed his credit report before sending its solicitations. Instead, he alleges that Citibank accessed his credit report only after he responded to the solicitations by applying for credit. Thus, Citibank was authorized by § 1681b(a)(3)(A) to access Huertas's credit report when it did because it did so after he applied for credit.

Huertas argues that this provision does not apply because he did not "initiate" contact with Citibank but applied for credit only after Citibank sent him its solicitations. Section § 1681b(a)(3)(A), however, is not limited to situations in which a consumer "initiates" contact with an offeror of credit and does not address the initiation of contact at all. Huertas appears to be relying on our observation that, in enacting the FCRA, "Congress realized that disclosures of consumer credit reports are often the direct result of inquiries initiated by consumers themselves" and "allowed for disclosure in many such situations because they do not create significant privacy concerns." Gelman, 583 F.3d at 191 (quotation marks omitted).

4

In so observing, however, we did not purport to limit § 1681b(a)(3)(A) to situations in which a consumer "initiates" the first contact with an offeror of credit. Instead, we noted merely that § 1681b(a)(3)(A) authorizes access to a consumer's credit report "when the consumer applies for credit[.]" Id. The plain text of § 1681b(a)(3)(A) authorizes the access of credit reports when a consumer applies for credit, and Citibank was authorized to access Huertas's credit report (as it advised him it could do) because he applied for credit. Accepting Huertas's argument would mean that a credit card issuer somehow forfeits the right to inquire into an applicant's creditworthiness by sending a solicitation that does not qualify as a "firm offer" even if the consumer then applies for credit. Huertas cites no authority in support of this interpretation of the FCRA, and we are aware of none. We have reviewed Huertas's remaining arguments and conclude that they do not require discussion for the reasons adequately explained by the District Court.

III.

For these reasons, we will affirm the judgments of the District Court. Huertas's motion and amended motion for "judicial notice" are denied, and his unopposed motion to supplement the record is granted.[2]

---

[2] In his motions for "judicial notice," Huertas essentially requests that we expand the record on appeal to include the transcript of a settlement conference and the stipulation of dismissal in his prior FCRA suit against Citibank. Huertas does not rely on these documents in his briefs, however, and they are of no conceivable relevance to any issue on appeal. The same is true of the document that is the subject of his motion to supplement the record, which is an exhibit that he filed with the District Court but that the District Court did not electronically docket. Citibank does not oppose that motion, however, and we see no reason not to grant it.